THE STATE OF KANSAS, *ex rel. Fred S. Jackson, as Attorney-general,* v. F. M. HOLCOMB, *as County Clerk, etc.*

No. 16,279.

SYLLABUS BY THE COURT.

FEES—*Hunters' Licenses—Title and Ownership.* Fees for hunters' licenses issued under the provisions of chapter 267 of the Laws of 1905 belong wholly to the state, and the county clerk and county treasurer are merely agents of the state for their collection and remittance.

Original proceeding in mandamus. Opinion filed May 8, 1909. Writ allowed.

*Fred S. Jackson,* attorney-general, and *Charles D. Shukers,* special assistant attorney-general, for The State.

*Joseph Taggart,* and *J. H. Luscombe,* for the defendant.

The opinion of the court was delivered by

BURCH, J.: The state brings this proceeding to compel the county clerk of Wyandotte county to pay into the county treasury for the benefit of the state certain license-fees in his custody collected for the issuance of hunters' licenses under chapter 267 of the Laws of 1905. Under this statute the county clerk issues the license under his seal, collects the fee ($1 from residents and $15 from non-residents), and pays it to the county treasurer. The county treasurer remits to the secretary of state, who pays the money to the state treasurer.

Section 3027 of the General Statutes of 1901 makes it the duty of the county clerk to collect for the use and benefit of the county the sum of twenty-five cents from each person requiring his services in making a certificate under his seal, and the clerk contends that since this statute is not repealed by the 1905 act he is liable to the

county for at least twenty-five cents of the fee for each license. Properly speaking, the clerk is not concerned with the question whether the entire fee for a hunter's license should be paid by the county treasurer to the secretary of state or only a portion of it. It is his duty in any event to pay all the money derived from the source indicated to the county treasurer. The action having been brought, however, to procure an interpretation of the law for the guidance of public officials dealing with funds of this character, the court is inclined to treat the question as properly raised by a party having an interest.

The whole fee for each license belongs to the state. The purpose of the act was to provide for the propagation of fish and the protection of fish and game. To help defray the expenses necessarily incurred the statute provides for the collection of license-fees from hunters. The game-warden might have been designated as the person to issue hunting permits, to collect fees for the privilege of hunting and to pay the sums so derived into the state treasury, but for the better accommodation of the public these functions were committed to officials already in existence who have revenue duties to perform. The state alone is interested in the collection of these fees. The county clerk and county treasurer are merely agents of the state for the particular purpose, and their services in the matter are rendered to the state and for its benefit.

The title of the act is assailed, but under numerous decisions it is clearly sufficient.

The peremptory writ is awarded.